UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| CHARLES RATTENNI, on behalf of himself and all others similarly situated,  )<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>ECG GARDEN CITY, INC. d/b/a EL CERRO MEXICAN BAR & GRILL; HERIBERTO IBARRA, individually; SALVADOR IBARRA, individually; and RAY GARCIA, individually  )<br>Defendants.  )<br>) | C/A: 4:25-cv-10375-JD<br><br>**COMPLAINT**<br><br>**FLSA COLLECTIVE ACTION**<br><br>**RULE 23 CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Charles Rattenni ("Rattenni"), on behalf of himself and all others similarly situated, ("Plaintiffs"), complaining of the acts of Defendants ECG Garden City, Inc. d/b/a E Cerro Mexican Bar & Grill "(El Cerro"); Heriberto Ibarra ("Heriberto"), individually; Salvador Ibarra ("Salvador"), individually; and Ray Garcia ("Garcia"), individually, (El Cerro; Heriberto; Salvador; and Garcia collectively "Defendants") allege as follows:

## NATURE OF CLAIM

1. This action is brought individually and as a collective action for actual damages, liquidated damages, attorneys' fees and costs, and for other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA"). The collective action provisions under the FLSA, § 216(b), provide for opt-in class participation.

2. This action is also brought individually and as a class action for payment of wages and for other relief under the South Carolina Payment of Wages Act, South Carolina Code Ann. § 41-10-10, et. seq. ("SCPWA"). These claims are proposed as opt-out class claims under Rule 23 of the Federal Rules of Civil Procedure.

Complaint
C/A:

## PARTIES, JURISDICTION, and VENUE

3. Plaintiffs reallege each and every allegation contained in the above paragraphs as if repeated here verbatim.

4. Rattenni is a citizen and resident of Horry County, South Carolina.

5. El Cerro is a company maintaining offices and agents in Horry County, South Carolina. El Cerro is an employer of individuals and operates a restaurant in Horry County, South Carolina, doing business as El Cerro Mexican Bar & Grill.

6. Upon information and belief, Heriberto is a citizen and resident of Horry County, South Carolina, and is the registered agent for El Cerro. In addition, he is an owner and/or member of El Cerro, or otherwise is an individual who had the authority to establish the specific policies of wages for Plaintiff while employed at El Cerro.

7. Upon information and belief, Salvador is a citizen and resident of Horry County, South Carolina, and is an owner and/or member of El Cerro, or otherwise is an individual who had the authority to establish the specific policies of wages for Plaintiff while employed at El Cerro.

8. Upon information and belief, Garcia is a citizen and resident of Horry County, South Carolina, and is an owner and/or member of El Cerro, or otherwise is an individual who had the authority to establish the specific policies of wages for Plaintiff while employed at El Cerro .

9. Rattenni was employed at El Cerro. A substantial part of the events giving rise to these claims occurred in Horry County.

10. This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 based upon Plaintiffs' claims under the FLSA.

11. Plaintiffs bring this action, as an opt-in Collective Action pursuant to 29 U.S.C. §

Complaint
C/A:

216(b), on behalf of a class of individuals defined as follows: nonexempt employees of Defendants, who worked in the positions of server or bartender, at any time within the three (3) years prior to joining this lawsuit, who were paid a direct, or hourly, rate less than the minimum wage of Seven and 25/100 dollars ($7.25) per hour, and received tips, from which Defendants required a portion of those tips to be paid to Defendants.

12. Plaintiffs also bring this action as an opt-out class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class of individuals defined as follows: nonexempt employees of Defendants, who worked in the positions of server or bartender, at any time within the three (3) years prior to the filing of this lawsuit, who were paid a direct, or hourly, rate less than the minimum wage of Seven and 25/100 dollars ($7.25) per hour, and received tips, from which Defendants, without written or legal authorization, required Plaintiffs to pay Defendants for cleaning services.

13. Upon information and belief, this action satisfies the requirements of Fed. R. Civ. P. 23(a), as alleged in the following particulars:

    a. The proposed Plaintiff class is so numerous that joinder of all individual members in this action is impracticable;

    b. There are questions of law and/or fact common to the members of the proposed Plaintiff class;

    c. The claims of Plaintiffs are typical of the claims of the proposed Plaintiff class; and

    d. Plaintiffs will fairly and adequately protect the interests of the class.

14. In addition, upon information and belief, this action satisfies one or more of the requirements of Fed. R. Civ. P. 23(b), because the questions of law and/or fact common to the

members of the proposed Plaintiff class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

15. Venue in this District and in this Division is appropriate pursuant to 28 U.S.C. 1391(b)(2) and 1391(c), as a substantial part of the events giving rise to the claims herein occurred in this Division, the Defendants have extensive and deliberate contacts in this Division, and one of the individual Defendants is a resident of this Division.

16. Based upon the above, jurisdiction and venue are proper in this court and division.

17. The work and pay records, including the "tip-out" reports, of Rattenni and the members of the putative class are in the possession, custody, and/or control of Defendants, and Defendants are under a duty, pursuant to section 11(c) of the FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor, to maintain and preserve such payroll and other employment records from which the amount of Defendants' liability can be ascertained. Plaintiffs request an order of this Court requiring Defendants to preserve such records during the pendency of this action.

## FACTS

18. Plaintiffs reallege each and every allegation contained in the above paragraphs as if repeated here verbatim.

19. Defendants own and / or operate El Cerro.

20. Defendant Heriberto exercises operational control over El Cerro. On information and belief, Salvador is involved in the decisions to set the wages and pay, including the Tip Pool, for Plaintiffs, or they hired the individuals to whom they delegated this authority, therefore, Heriberto is individually liable to Plaintiffs.

Complaint
C/A:

21.     Defendant Salvador exercises operational control over El Cerro. On information and belief, Salvador is involved in the decisions to set the wages and pay, including the Tip Pool, for Plaintiffs, or they hired the individuals to whom they delegated this authority, therefore, Salvador is individually liable to Plaintiffs.

22.     Defendant Garcia exercises operational control over El Cerro. On information and belief, Garcia is involved in the decisions to set the wages and pay, including the Tip Pool, for Plaintiffs, or they hired the individuals to whom they delegated this authority, therefore, Garcia is individually liable to Plaintiffs.

23.     Rattenni was employed by El Cerro from approximately March 2018 through May 24, 2025 as a bartender and server.

24.     Defendants paid Rattenni, and on information and belief all Plaintiffs, a direct, or hourly, wage less than the statutory minimum wage by taking the "Tip Credit" under the FLSA, 29 U.S.C. § 203(m).

25.     El Cerro had policies that required Rattenni, and on information and belief all Plaintiffs, to remit, from the tips they had received, a portion of their tips at the end of each shift for cleaning services.

26.     Defendants failed to give Rattenni, and on information and belief all Plaintiffs, proper notice that Defendants were taking the Tip Credit in the following ways:

    A.     Defendants failed to give Plaintiffs notice that they were paying Plaintiffs with the Tip Credit;

    B.     Defendants failed to give Plaintiffs notice that Plaintiffs could keep all of their tips, except for a tip pool among employees who customarily and regularly receive tips ("Tip Pool");

Complaint
C/A:

      C.    Defendants failed to give Plaintiffs notice that their tips would be used to pay for cleaning services.

## FOR A FIRST CAUSE OF ACTION
### Violation of Fair Labor Standards Act
### 29 U.S.C. § 203(m), 206
### (Violation of Tip Credit / Failure to Pay Proper Minimum Wage)

27.    Plaintiffs reallege each and every allegation contained in the above paragraphs as if repeated here verbatim.

28.    At all times relevant to this Complaint, Defendants engaged in interstate commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(r) and 203(s).

29.    At all times relevant to this Complaint, Defendants' annual gross volume of sales made or business done was not less than Five Hundred Thousand and 00/100 dollars ($500,000.00). Alternatively, Plaintiffs worked in interstate commerce so as to fall within the protection of the FLSA.

30.    The business of Defendants was and is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1) and, as such, Defendants are subject to, and covered by, the FLSA.

31.    The FLSA, 29 U.S.C. § 206, requires employers to pay its nonexempt employees a minimum wage of Seven and 25/100 dollars ($7.25) an hour.

32.    The FLSA, 29 U.S.C. § 203(m), provides an exemption allowing certain employers to take a "Tip Credit" and pay less than the statutory minimum wage to tipped employees, on the condition that any other sharing of tips is only with other employees who customarily and regularly receive tips.

33.    The FLSA, 29 U.S.C. § 203(m), expressly prohibits the employer, in this case the Defendants, from retaining any portion of tips received by employees who Defendants have paid

by claiming the Tip Credit.

34. The FLSA, 29 U.S.C. § 203(m), requires the employer, who is taking the "Tip Credit," to give the tipped employees proper notice of this section.

35. Defendants failed to give Plaintiffs notice that they were paying Plaintiffs with the Tip Credit and failed to give Plaintiffs notice that Plaintiffs could keep all of their tips, except for the Tip Pool.

36. When the employer fails to comply with the requirements of the Tip Credit provision, 29 U.S.C. § 203(m), the employer can no longer enjoy its benefits.

37. Defendants have violated the FLSA, 29 U.S.C. § 203(m), 206, by either a willful violation of the FLSA or in reckless disregard of the FLSA and the rights of Plaintiffs.

38. As such, Plaintiffs seek to recover from Defendants the following damages:

    a. actual damages for a three-year period;

    b. liquidated damages of an equal amount;

    c. reasonable attorney's fees and costs and disbursements of this action; and

    d. an order from this Court requiring Defendants to comply with the FLSA.

**FOR A SECOND CAUSE OF ACTION**
**(South Carolina Payment of Wages Act)**
**(Individual and Class Action)**

39. Plaintiffs, on behalf of themselves and all similarly situated employees, reallege and incorporate by reference all preceding paragraphs as if they were set forth herein verbatim.

40. Each Defendant is an "employer" as defined by the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10(1).

41. Defendants employed Plaintiffs and the members of the Plaintiffs' class within the State of South Carolina.

Complaint
C/A:

42. Plaintiffs worked for Defendants with the clear understanding and agreement with Defendants that their compensation would be consistent with all applicable laws, including state wage laws.

43. Plaintiffs had an employment agreement with Defendants whereby they would be paid wages for all hours worked.

44. SCPWA § 41-10-10(2) defines wages as "all amounts at which labor rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, or commission basis, or other method of calculating the amount and includes vacation, holiday, and sick leave payments which are due to an employee under any employer policy or employment contract."

45. Money received by Plaintiffs as tips were "wages" as defined by SCPWA, § 41-10-10(2).

46. Pursuant to the SCPWA § 41-10-40(C), "[a]n employer shall not withhold or divert any portion of the employee's wages unless the employer is required or permitted to do so by state or federal law or written authorization.

47. Defendants deducted, and kept for themselves, amounts from the wages of Plaintiffs that were not permitted by state or federal law and without written authorization. These amounts were illegal deductions.

48. Defendants owe Plaintiffs these wages that were illegally deducted.

49. Defendants' actions were willful, and Defendants have no bona fide reason why they took this action.

50. Pursuant to S.C. Code § 41-10-80(C), Plaintiffs and the members of the Plaintiffs' class are entitled to recover in this action an amount equal to three times the full amount of their deducted wages, as outlined above, plus costs and reasonable attorney's fees.

Complaint
C/A:

WHEREFORE, having fully set forth their allegations against Defendants, Plaintiffs respectfully request that the Court enter judgment for the following relief:

    a.    An order prohibiting Defendants from violating the FLSA, particularly the Tip Credit, in the future;

    b.    For Plaintiffs, under the first and second causes of actions:

        i.    actual damages in an amount to be determined;

        ii.    liquidated damages of an equal amount;

    c.    An order certifying a class action under Rule 23 of the Federal Rules of Civil Procedure to remedy the class-wide violations of the South Carolina Payment of Wages Act;

    d.    Actual damages in the amount of wages due under SCPWA;

    e.    Treble damages pursuant to SCPWA;

    f.    Reasonable attorney's fees and costs;

    g.    Injunctive relief ordering Defendants to amend their wage and hour policies to comply with applicable federal and state laws; and

    h.    Such further relief as the Court deems just and proper.

Plaintiffs request a trial by jury.

                                            s/Bruce E. Miller
                                            Bruce E. Miller, Esq. (Fed Bar No. 3393)
                                            BRUCE E. MILLER, P.A.
                                            1459 Stuart Engals Blvd., Suite 202
                                            Mount Pleasant, SC 29464
                                            T: 843.579.7373
                                            F: 843.614.6417
                                            bmiller@brucemillerlaw.com
                                            **ATTORNEY FOR PLAINTIFFS**

Mount Pleasant, SC
August 11, 2025