UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| CHARLES RATTENNI, on behalf of himself and all others similarly situated, ) ) ) Plaintiffs, ) ) v. ) ) ) ECG GARDEN CITY, INC. d/b/a EL CERRO MEXICAN BAR & GRILL; HERIBERTO IBARRA, individually; SALVADOR IBARRA, individually; and RAY GARCIA, individually ) ) ) ) ) ) Defendants. ) | C/A: 4:25-cv-10375-JD<br><br>**JOINT MOTION FOR APPROVAL OF FAIR LABOR STANDARDS ACT SETTLEMENT** |

Plaintiff, Charles Rattenni, by and through his undersigned counsel, and Defendants ECG Garden City, Inc. d/b/a El Cerro Mexican Bar & Grill ("El Cerro"); Heriberto Ibarra ("Heriberto"), individually, and Ray Garcia ("Garcia"), individually (jointly "Defendants"), by and through its undersigned counsel (Plaintiff and Defendants jointly, "Parties"), hereby jointly move this Court for approval of settlement in this action. Plaintiff alleged Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. (hereinafter, the "FLSA"), in particular, by violation of § 203(m), the "Tip Credit" and violated South Carolina's Payment of Wages Act, S.C. Code Ann. §§ 41-10-10, *et seq* (hereinafter, "Wages Act").

There has been a vigorous dispute between the Parties as to the underlying facts and the applicable law in this matter. After considerable discussion and review, the Parties have agreed to

a settlement. The Parties have agreed to keep the terms of the settlement agreement confidential and request that this Court approve their settlement.[1]

The Parties will submit the specific terms of the confidential settlement agreement to the Court for approval *in camera*, but such terms are not contained in this Motion in an effort to preserve the confidential nature of the Parties' agreement.

The settlement of FLSA claims outside the context of Department of Labor supervised settlements requires court approval. Courts generally approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes. See *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 n. 8 (11th Cir. 1982); *Clark v. Ecolab Inc.*, 2010 WL 1948198, at *7 (S.D.N.Y. May 11, 2010). If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved. *Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

In considering a motion to approve the settlement of a FLSA collective action, the Court must review the parties' proposed agreement for fairness and reasonableness, considering such factors as: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who has represented the plaintiffs; and (5) the probability of plaintiff's success on the merits and the amount of the settlement in relation to the potential recovery. *See Kovacs v. Ernst & Young (In re Jiffy Lube Securities Litigation)*, 927

---

[1] This procedure was followed and approved by this Court in the actions *Holly Nygaard, et al. v. Beach House Hospitality Group, LLC d/b/a Beach House Bar & Grill,* Case No. 4-20-cv-00233-JD; and *Bret Herspold, et al. v. King Kong Sushi Bar & Grill, LLC*, Case No. 4:14-CV-03418-RBH.

F.2d 155, 158 (4th Cir. 1991); *Flinn v. FMC Corp.,* 528 F.2d 1169,1173 (4th Cir. 1975); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350 (11th Cir. 1982).

On balance, the above factors weigh in favor of the Court's approval of the Parties' settlement. The Parties have engaged in producing and analyzing all the time records relating to Plaintiff's damages. Defendants are paying Plaintiff one hundred percent of all the potential damages that he could recover.

There is no evidence of fraud or collusion on the part of the Parties or their counsel in this case. The proposed Settlement Agreement is the product of arms'-length negotiations that took place periodically over several months.

The attorney who represents the Plaintiff is an experienced employment attorney whose practice is devoted to employment law. He has litigated many other FLSA cases for many years and is thus able to competently evaluate the merits of the Plaintiff's claims.

Through review of the business records produced in this matter, both Parties have had the opportunity to assess and calculate the potential damages in this case. Although Plaintiff and his counsel believe that his case has merit, he recognizes and acknowledges the uncertain outcome and risk of any case, as well as the expense of continued proceedings through trial and through any possible appeals. Consequently, Plaintiff believes that the settlement reached is fair, reasonable and adequate and is in his best interests. Similarly, while the Defendants contend that they paid their employees in conformity with the FLSA and Wages Act and believe that the Plaintiff's case lacks merit, they acknowledge the uncertain outcome and risk of the case and believe that further, protracted litigation is contrary to their best interests. Defendants believe that this settlement is fair and reasonable, and will resolve the dispute at issue, while minimizing their own further expenses.

WHEREFORE, Plaintiff and Defendants respectfully request that this Court approve the Parties' settlement. Further, the parties request that the Court retain jurisdiction to enforce the terms of the settlement agreement, if necessary.

| WE MOVE: | WE MOVE: |
|---|---|
| *s/John F. Connell, Jr.* | *s/Bruce E. Miller* |
| John F. Connell, Jr., Esq. (Fed. Bar No. 12557) | Bruce E. Miller, Esq. (Fed Bar No. 3393) |
| BURR FORMAN, LLP | BRUCE E. MILLER, P.A. |
| 104 South Main Street, Suite 700 | 1459 Stuart Englas Blvd., Suite 202 |
| Greenville, SC 29601 | Mount Pleasant, SC 29464 |
| T: 864.271.4940 | T: 843.579.7373 |
| F: 864.271.4015 | F: 843.614.6417 |
| jconnell@burr.com | bmiller@brucemillerlaw.com |
| | |
| **ATTORNEY FOR DEFENDANTS** | **ATTORNEY FOR PLAINTIFF** |
| Date:  December 29, 2025 | Date:  December 29, 2025 |